1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THOMAS MALGESINI,

Plaintiff,

v.

GREGORY MALLEY,

Defendant.

Case No. 5:20-cv-07002-EJD

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**

Re: Dkt. No. 15

Plaintiff Thomas Malgesini moves to remand this action to Santa Clara County Superior Court and for costs and expenses, including attorney's fees, for improper removal. Mot. to Remand, Dkt. No. 15. Defendant Gregory Malley opposes the motion. Also before the Court are Defendant Malley's motion to dismiss, Dkt. No. 8, and motion to strike, Dkt. No. 14. Pursuant to Civil Local Rule 7-1(b), this Court finds these motions suitable for consideration without oral argument. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court **GRANTS** Plaintiff Malgesini's motion to remand and **DENIES** as moot Defendant Malley's motions to dismiss and strike.

I.  **BACKGROUND**

The parties are part of a separate and related federal action initiated by Defendant Malley. In March 2020, Defendant Malley filed a suit against San Jose Midtown Development LLC ("SJMD") and its members, including Plaintiff Malgesini, alleging fifteen causes of action and entitlement to a monetary distribution from SJMD. *See Malley v. San Jose Midtown Development LLC et al*, Case No. 5:20-cv-01925-EJD ("*Malley Action*"). The sole basis for federal court

Case No.: 5:20-cv-07002-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES

1

1    subject matter jurisdiction in Defendant Malley's case was two claims brought under the federal

2    Racketeer Influenced and Corrupt Organizations Act ("RICO").  On July 20, 2020, defendants in

3    the *Malley Action* filed a motion to dismiss Defendant Malley's RICO claims.  The Court granted

4    the defendants' motion to dismiss.  *See Malley Action*, Dkt. No 52 ("Dismissal Order").  The

5    Dismissal Order specifically addressed the deficiencies of Defendant Malley's RICO claims but

6    afforded him the opportunity to amend his complaint by October 23, 2020.  *Id*. at 12.

7          While the defendants' motion to dismiss was pending in the *Malley Action*, Plaintiff

8    Malgesini filed his complaint against Defendant Malley in Santa Clara County Superior Court on

9    August 13, 2020.  *See* Notice of Removal, Dkt. No. 1.  Plaintiff Malgesini is alleging a breach of a

10   written agreement in the amount $250,000 made by Defendant Malley.  *See* Notice of Removal,

11   Ex. A.  On October 7, 2020, Defendant Malley filed his Notice of Removal claiming that the

12   action was removable to this Court pursuant to 28 U.S.C. § 1367(a), "for it constitutes a *de facto*,

13   compulsory counterclaim" to the *Malley Action*.  Following removal, the Court related this action,

14   pursuant to Civil Local Rule 3-12, to the *Malley Action*.  *See* Order Relating Case,  Dkt. No. 9.

## II.    LEGAL STANDARD

16         A defendant may remove a civil action filed in state court to federal district court so long

17   as the district court could have exercised original jurisdiction over the matter.  28 U.S.C. §

18   1441(a).  Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that

19   the district court lacks subject matter jurisdiction over a case previously removed from state court,

20   the case must be remanded.  On a motion to remand, the scope of the removal statute must be

21   strictly construed.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong

22   presumption' against removal jurisdiction means that the defendant always has the burden of

23   establishing that removal is proper."  *Id.*  Courts should resolve doubts as to removability in favor

24   of remanding the case to state court.  *Id.*

## III.   DISCUSSION

26         Defendant Malley does not dispute that this action is not subject to the Court's federal

United States District Court
Northern District of California

1   question or diversity jurisdiction.  Instead, he asserts that the Court has original jurisdiction under

2   28 U.S.C. § 1367(a).  Notice of Removal ¶ 7.  This statute provides that, subject to some

3   exceptions, "in any civil action of which the district courts have original jurisdiction, the district

4   courts shall have supplemental jurisdiction over all other claims that are so related to claims in the

5   action within such original jurisdiction that they form part of the same case or controversy under

6   Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Section 1367(a) does not,

7   however, provide the Court with original jurisdiction over an action and, thus, removal pursuant to

8   it is improper.

9          This issue is not subject to reasonable dispute.  In *Patel v. Del Taco, Inc.*, the Ninth Circuit

10   stated that § 1367, "which provides for supplemental jurisdiction, is not a basis for removal" and

11   that the appellant's argument to the contrary was "frivolous."  446 F.3d 996, 999 (9th Cir. 2006).

12   The court thereby affirmed the district court's award of attorney's fees to the appellee that had

13   sought remand, concluding that there was "no objectively reasonable basis for removal."  *Id.*

14          Moreover, on April 8, 2021, the Court declined to exercise supplemental jurisdiction over

15   the state law claims in the *Malley Action* after Defendant Malley failed to adequately amend his

16   federal RICO claims.  *See Malley Action*, Dkt. No. 76 at 14-15.  The Court ultimately dismissed

17   Defendant Malley's remaining state law claims without prejudice and instructed the Clerk of the

18   Court to close the *Malley Action* and entered judgment in favor of the defendants.  *See Malley*

19   *Action*, Dkt. No. 77.  Thus, the Court lacks subject matter jurisdiction over this action for this

20   reason as well.

21          In addition to remand, Plaintiff Malgesini requests reimbursement of costs and expenses

22   incurred as a result of removal.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may

23   require payment of just costs and any actual expenses, including attorney fees, incurred as a result

24   of the removal."  Absent unusual circumstances, attorney's fees should not be awarded when the

25   removing party has an objectively reasonable basis for removal.  *See Martin v. Franklin Capital*

26   *Corp.*, 546 U.S. 132, 141 (2005); *Patel*, 446 F.3d at 999.

27

28

United States District Court
Northern District of California

1    At the time of removal, Defendant Malley knew or should have known that the removal

2 statute is strictly construed and that a court must reject federal jurisdiction if there is any doubt as

3 to whether removal was proper.  *See, e.g., Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685

4 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  At the very least, an

5 objectively reasonable attorney would have realized that the propriety of removal was doubtful

6 and that such doubt would result in a remand.  Thus, there was not an objectively reasonable basis

7 for removal and reimbursement is warranted.  Accordingly, if Plaintiff Malgesini wishes to pursue

8 reimbursement, he is directed to file such a request within fourteen days of the entry of this order,

9 in accordance with the provisions of Civil Local Rule 54.

10 **IV.    CONCLUSION**

11    For the foregoing reasons, the Court **GRANTS** Plaintiff Malgesini's motion to remand.

12 Accordingly, the Court **REMANDS** this case to the Santa Clara County Superior Court and

13 **DENIES** as moot Defendant Malley's motions to dismiss and to strike.  The Clerk of the Court

14 shall close the file.

15    **IT IS SO ORDERED.**

16 Dated: April 8, 2021

17

18 EDWARD J. DAVILA
United States District Judge

19

20

21

22

23

24

25

26

27

28

Case No.: 5:20-cv-07002-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR
ATTORNEY'S FEES

4

*United States District Court*
*Northern District of California*