UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS MALGESINI,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY MALLEY,<br><br>Defendant. | Case No.  5:20-cv-07002-EJD<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 29 |

Plaintiff Thomas Malgesini moves for attorneys' fees and costs incurred because of Defendant Gregory Malley's removal of this action from the Santa Clara County Superior Court to this Court. *See* Notice of Motion and Motion for Attorney's Fees and Costs Incurred as a Result of the Improper Removal ("Mot."), Dkt. No. 29.  Defendant opposes the motion.  Defendant Gregory Malley's Opposition to Motion for Attorney's Fees ("Opp."), Dkt. No. 32.  Having considered the Parties' papers, the Court **GRANTS** Plaintiff's motion for attorneys' fees and costs.[1]

**I.    BACKGROUND**

The Parties are part of a separate and related federal action initiated by Defendant.  In March 2020, Defendant filed a lawsuit against San Jose Midtown Development LLC ("SJMD") and its members, including Plaintiff, alleging fifteen causes of action and entitlement to a monetary distribution from SJMD.  *See Malley v. San Jose Midtown Dev. LLC et al.,* Case No. 5:20-cv-01925-EJD ("the *Malley* Action").  The sole basis for subject-matter jurisdiction in the

---

[1] On August 11, 2021, the Court found this motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).  *See* Dkt. No. 33.

Case No.:  5:20-cv-07002-EJD
ORDER GRANTING MOTION FOR ATTORNEYS' FEES

1

1    *Malley* Action was the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). On
2    July 20, 2020, the defendants in the *Malley* Action filed a motion to dismiss the RICO claims,
3    which the Court granted.
4        While the motion to dismiss was pending in the *Malley* Action, Plaintiff Malgesini (a
5    defendant in the *Malley* Action) filed a complaint against Defendant Malley in Santa Clara County
6    Superior Court alleging violations of California state law. *See* Notice of Removal, Dkt. No. 1.
7    Defendant removed the action to federal court pursuant to 28 U.S.C. § 1367(a), arguing "it
8    constitutes a *de facto*, compulsory counterclaim" to the *Malley* Action. Following removal, the
9    Court related this action to the *Malley* Action. Plaintiff then filed a motion to remand this action
10   back to the Santa Clara County Superior Court.
11       On April 8, 2021, this Court issued an order granting Plaintiff's motion to remand and
12   directed Plaintiff to file a request for reimbursement of costs and expenses incurred as result of the
13   removal. *See* Dkt. No. 27.

## II.   DISCUSSION

15   Plaintiff seeks attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides
16   that "[a]n order remanding the case may require repayment of just costs and any actual expenses,
17   including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).
18       As this Court noted in its remand order, Defendant had no objectively reasonable basis for
19   removal. Defendant pursues an argument that has already been rejected by the Ninth Circuit in
20   *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). He argues that under 28 U.S.C. 1367,
21   Plaintiff's action was removeable because, when related with the *Malley* Action, this Court had
22   supplement jurisdiction over this action. "This contention is frivolous. Section 1367, which
23   provides for supplemental jurisdiction, *is not a basis for removal*." *Patel*, 446 F.3d at 999
24   (emphasis added). As noted, Plaintiff's state court petition contains only one state law cause of
25   action, breach of a written agreement. Thus, it did not contain any federal claim that would
26   provide a basis for removal. Accordingly, an award of attorneys' fees and costs is proper.
27
28   Case No.:   5:20-cv-07002-EJD
     ORDER GRANTING MOTION FOR ATTORNEYS' FEES

In computing attorney's fees, the district court determines the reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). The court begins by calculating the lodestar amount, which is the number of hours reasonably expended on litigation, multiplied by a reasonable hourly rate. *Sorenson v. Mink*, 239 F.3d 1140, 1149 n.4 (9th Cir. 2001); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The fee applicant bears the burden of substantiating the hours worked and the rates claimed and must submit evidence of the hours worked and the rates claimed. *Hensley*, 461 U.S. at 433.

Once the fee applicant has done so, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir.1992). All hours that are not reasonably expended, or that are excessive or redundant, should be excluded. *Hensley*, 461 U.S. at 434.

The lodestar amount is strongly presumed to be reasonable. *City of Burlington*, 505 U.S. at 561. Courts may adjust the lodestar upward or downward based upon facts not subsumed in the initial lodestar calculation. *Sorenson*, 239 F.3d at 1149 n.4. However, courts need not reach the second step in the lodestar method unless exceptional circumstances justify deviation. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 742 (1987); *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1167 (N.D. Cal. 2004) (applying lodestar where the moving party has provided no justification for adjusting the lodestar figure).

Plaintiff requests an hourly billing rate of $400 per hour for his counsel, Daniel S. Cornell, based on Mr. Cornell's contract rates, background, experience, and quality of work product. Mot. at 5. He requests an hourly billing rate of $200 per hour for Mr. Cornell's third-year associate, Gurjit Singh. In total, Plaintiff seeks $16,880 in attorneys' fees and costs. Defendant does not object to this number, but rather argues an award of fees is improper because he had an objectively reasonable basis for removal. Opp. at 4. As analyzed, *Patel* forecloses this argument.

Case No.: 5:20-cv-07002-EJD
ORDER GRANTING MOTION FOR ATTORNEYS' FEES
3

Given the amount of litigation generated by Defendant, like his motions to dismiss and strike and his requests for production, Plaintiff counsel's experience and skill level, and the effort Plaintiff had to undertake to demonstrate that removal was improper, the Court finds a fee award of $16,880 reasonable. *See* Declaration of Daniel S. Cornell, Exs. 1–3, Dkt. No. 29.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for attorneys' fees and awards attorneys' fees in the amount of $16,880.

**IT IS SO ORDERED.**

Dated: March 24, 2022

EDWARD J. DAVILA
United States District Judge